UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------------x

OPERATIVE PLASTERERS and CEMENT MASONS'
INTERNATIONAL ASSOCIATION LOCAL 262 f/k/a 530
and THE TRUSTEES OF THE OPERATIVE PLASTERERS
and CEMENT MASONS' INTERNATIONAL
ASSOCIATION LOCAL 262 f/k/a 530 ANNUITY FUND,
WELFARE FUND, APPRENTICESHIP TRAINING
FUNDS and PENSION FUND f/k/a LOCAL 60 PENSION
FUND,

                              Plaintiffs,

                                              **COMPLAINT**

           -against-                                  08-CV-5659
                                                         (Judge Berman)

HUXLEY CONSTRUCTION CORP. and
R.F.A. CONSTRUCTION GROUP CORP.

                              Defendants.

------------------------------------------------------------------------------------x

       Plaintiffs, the Operative Plasterers and Cement Masons' International Association Local 262 f/k/a 530 (herein after referred to as "Union") and the Trustees of the Operative Plasterers and Cement Masons' International Association Local 262 f/k/a 530 Annuity Fund, Welfare Fund, Apprenticeship Training Funds and Pension Fund f/k/a Local 60 Pension Fund (hereinafter referred to as "Funds") by their attorneys Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC allege as follows:

**JURISDICTION AND VENUE**

    1. This action is based on the provisions of Section 301 of the Labor Management Relations Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") 29 U.S.C. Section 185, and on Section 502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter referred to as "ERISA") (29 U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

2. Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f)); and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

3. Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)) and Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391(b).

4. This action is brought by the respective Trustees of the Funds in their fiduciary capacities and an Officer of the Union for injunctive relief, monetary damages and other equitable relief under ERISA and for breach of a labor contract to secure performance by an Employer of specific statutory and contractual obligations to submit the required monetary contributions and/or reports to the Plaintiffs.

## **PARTIES**

5. The Plaintiff Trustees are, at all relevant times, fiduciaries of a jointly administered multi-employer, labor management trust fund as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3)).  The Funds are established and maintained by the Union and various Employers pursuant to the terms of the Collective Bargaining Agreements and Trust Indentures in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. Section 186 (c)(5)).  The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145).  Plaintiffs are Trustees of the

Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

6. The Funds provide fringe benefits to eligible employees, retirees and their dependents on whose behalf the Employer is required to contribute to the Funds pursuant to its Collective Bargaining Agreement (hereinafter referred to as the "C.B.A.") between the Employer and the Union. The Funds are authorized to collect contributions which includes payments for life insurance, hospitalization, medical care, pension benefits and on behalf of the employees from the Employers, and the Plaintiffs Trustees as fiduciaries of the Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the C.B.A. and Trust Indentures that concern the protection of employee benefit rights.

7. The Plaintiff Funds' principal office is located and administered at 2241 Conner Street, Bronx, NY 10461, County of Bronx.

8. The Plaintiffs Union maintains its offices and is administered at 2241 Conner Street, Bronx, NY 10461, County of Bronx. The union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Harley Act (29 U.S.C. Section 142), and Section 3(4) of ERISA (29 U.S.C. Section 1002(4)) and as further defined in Section 12 of the General Associations Law of the State of New York.

9. Upon information and belief, the Defendant, Huxley Construction Corp. (hereinafter "Huxley") at all relevant times, was and is an "employer" within the meaning

of Sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145) and was and still is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

10.  Upon information and belief, the Defendant, R.F.A. Construction Group Corp.(hereinafter "RFA") at all relevant times, was and is an "employer" within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145) and was and still is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

11.  Upon information and belief, the Defendant, Huxley is a domestic business corporation doing business in the State of New York with its principal place of business located at, 148-78 Huxley Street, Rosedale, NY 11422, County of Queens.

12.  Upon information and belief, the Defendant, RFA, is a domestic business corporation doing business in the State of New York with its principal place of business located at, 148-78 Huxley Street, Rosedale, NY 11422, County of Queens.

## CAUSES FOR RELIEF
## AS AND FOR A FIRST CLAIM FOR RELIEF

13.  The Defendant, Huxley, executed a C.B.A. with the Union and/or was and still is a party to a C.B.A. with the Union.

14.  The C.B.A. and/or Trust Indenture requires Defendant, RFA to submit contribution reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth in the C.B.A. for all work performed by its employees covered by the C.B.A. and to remit such monetary

contributions in accordance with the C.B.A. and the rules and regulations established in the Trust Indenture.

15. Upon information and belief as result of work performed by the individual employees of Huxley pursuant to the C.B.A., there became due and owing to the Funds from the Employer contribution reports, fringe benefit contributions and union dues.

16. Defendant, Huxley, has failed and refused to remit to the Funds those reports, fringe benefit contributions and union dues, due and owing under the C.B.A. and in accordance with the Trust Indentures in the minimum amount of $8,169.20 for unpaid contributions and $766.10 for union dues plus interest, damages, fees and costs.

17. The amounts described in paragraph 16 above are due and owing to the Funds pursuant to the C.B.A. for the period July 1, 2005 through September 30, 2007.

18. Upon information and belief, the Defendant, Huxley's failure, refusal or neglect to remit the proper contributions, reports and union dues to the Plaintiffs constitutes a violation of the C.B.A. between the Employer and the Union wherein the Funds are third party beneficiaries.

19. As a result of the delinquency, the C.B.A. provides that the Defendant may be required to pay, in addition to the delinquency, interest together with liquidated damages and the reasonable cost of attorneys' fees and court costs and disbursements.

20. Accordingly, Defendant, Huxley, is liable to Plaintiffs for contribution reports, contributions and union dues in the minimum amount of $8,169.20 for unpaid contributions and $766.10 for union dues plus interest, damages, fees and costs.

## CAUSES FOR RELIEF
## AS AND FOR A SECOND CLAIM FOR RELIEF

21. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "20" of this Complaint as if fully set forth at length herein.

22. The Defendant, Huxley, executed a C.B.A. with the Union and/or was and still is a party to a C.B.A. with the Union.

23. The C.B.A. and/or Trust Indenture requires Defendant, Huxley to submit contribution reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth in the C.B.A. for all work performed by its employees covered by the C.B.A. and to remit such monetary contributions in accordance with the C.B.A. and the rules and regulations established in the Trust Indenture.

24. Upon information and belief, Defendants, Huxley and RFA. have common ownership, common principals, failed to follow corporate formalities, common officers, directors and management, share assets/financing, similar line of business and customers, common equipment and employees, and have centralized control of labor relations, and perform work within the trade and geographical jurisdictions of plaintiff Union. Accordingly, Defendant, RFA. is an alter ego of Defendant, Huxlely.

25. Upon information and belief, Defendant, RFA. aided Defendant, Huxley in evading its contractual obligations to Plaintiffs. Upon information and belief, Defendant, RFA. aided Defendant, Huxley by performing work within the trade and geographical jurisdictions of the Union without conforming to the terms of the C.B.A.

26. Defendant, RFA as an alter ego of Defendant, Huxley is an Employer bound by the terms of the C.B.A. and trust indentures of the Plaintiffs as well as Huxley's obligations.

27. Upon information and belief as result of work performed by the individual employees of RFA, pursuant to the C.B.A., there became due and owing to the Funds from the Employer contribution reports, fringe benefit contributions and union dues.

28. Defendant, RFA. has failed and refused to remit to the Funds those reports, fringe benefit contributions and union dues, due and owing under the C.B.A. and in accordance with the Trust Indentures in the minimum amount of $8,169.20 for unpaid contributions and $766.10 for union dues plus interest, damages, fees and costs.

29. The amounts described in paragraph 28 above, are due and owing to the Funds pursuant to the C.B.A. for the period July 1, 2005 through September 30, 2007.

30. Upon information and belief, the Defendant, RFA's failure, refusal or neglect to remit the proper contributions and reports to the Plaintiffs constitutes a violation of the C.B.A. between the Employer and the Union wherein the Funds are third party beneficiaries.

31. As a result of the delinquency, the C.B.A. provides that the Defendants may be required to pay, in addition to the delinquency, interest together with liquidated damages and the reasonable cost of attorneys' fees and court costs and disbursements.

32. Accordingly, the Defendant, RFA, is liable to Plaintiffs for contribution reports, contributions and union dues in the minimum amount of $8,169.20 for unpaid contributions and $766.10 for union dues plus interest, damages, fees and costs.

33. Accordingly, the Defendant, RFA., as an alter ego of Defendant, Huxley, is liable to Plaintiffs for contribution reports, fringe benefit contributions and union dues in the minimum amount of $8,169.20 for unpaid contributions and $766.10 for union dues plus interest, damages, fees and costs.

## CAUSES FOR RELIEF
## AS AND FOR A THIRD CLAIM FOR RELIEF

34. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "33" of this Complaint as if fully set forth at length herein.

35. Upon information and belief, Defendants, Huxley and RFA business operations are interrelated and the Defendants have common management and common ownership.

36. Accordingly the Defendants, Huxley and RFA are a single Employer.

37. The Defendant, Huxley executed a C.B.A. with the Union and/or was and still is a party to a C.B.A. with the Union.

38. The C.B.A. and/or Trust Indenture requires Defendant, Huxley to submit contribution reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth in the C.B.A. for all work performed by its employees covered by the C.B.A. and to remit such monetary contributions in accordance with the C.B.A. and the rules and regulations established in the Trust Indenture.

39. Defendant, RFA, as a single employer of Defendant, Huxley is bound by the terms of the C.B.A. and Trust Indentures of the Plaintiffs.

40. Upon information and belief, as a result of work performed by the individual employees of RFA pursuant to the C.B.A., there became due and owing to the Funds from the Employer contribution reports and fringe benefit contributions.

41. Defendant, RFA. has failed and refused to remit to the Funds those reports, fringe benefit contributions due and owing under the C.B.A. and in accordance with the Trust Indentures in the minimum amount of $8,169.20 for unpaid contributions and $766.10 for union dues plus interest, damages, fees and costs.

42. The amounts described in paragraph 41 above are due and owing to the Funds pursuant to the C.B.A. for the period July 1, 2005 through September 30, 2007.

43. Defendant, RFA's failure, refusal or neglect to remit the proper contributions, reports to the Plaintiffs constitutes a violation of the C.B.A. between the Employer and the Union wherein the Funds are third party beneficiaries.

44. Pursuant to the C.B.A. all delinquent fund contributions and dues shall include interest, attorneys' fees and all reasonable costs, fees and disbursements incurred in collection of delinquencies.

45. Accordingly, Defendant, RFA as a single employer of Defendant, Huxley is liable to the Plaintiffs for contribution reports, contributions, and union dues in the minimum amount of $8,169.20 for unpaid contributions and $766.10 for union dues plus interest, damages, fees and costs.

**CAUSES FOR RELIEF**
**AS AND FOR A FOURTH CLAIM FOR RELIEF**

46. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "45" of this Complaint as if fully set forth at length herein.

47. Upon information and belief, Defendants, Huxley and RFA, business operations are interrelated and the Defendants have common management, common ownership, common assets, common business purpose, common employees, common customers, common equipment and common suppliers.

48. Accordingly the Defendant, RFA is a successor company to Defendant, Huxley.

49. The Defendant, Huxley, executed a C.B.A. with the Union and/or was and still is a party to a C.B.A. with the Union.

50. The C.B.A. and/or Trust Indenture requires Defendant, Huxley to submit contribution reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth in the C.B.A. for all work performed by its employees covered by the C.B.A. and to remit such monetary contributions in accordance with the C.B.A. and the rules and regulations established in the Trust Indenture.

51. Defendant, RFA, as a successor employer of Defendant, Huxley is bound by the terms of the C.B.A. and Trust Indentures of the Plaintiffs.

52. Upon information and belief, as a result of work performed by the individual employees of Defendant, RFA pursuant to the C.B.A., there became due and owing to the Funds from the Employer contribution reports and fringe benefit contributions.

53. Defendant, RFA, has failed and refused to remit to the Funds those reports, fringe benefit contributions due and owing under the C.B.A. and in accordance with the Trust Indentures in the minimum amount of $8,169.20 for unpaid contributions and $766.10 for union dues plus interest, damages, fees and costs.

54. The amounts described in paragraph 53 above, are due and owing to the Funds pursuant to the C.B.A. for the period July 1, 2005 through September 30, 2007.

55. Defendant, RFA's failure, refusal or neglect to remit the proper contributions, reports to the Plaintiffs constitutes a violation of the C.B.A. between the Employer and the Union wherein the Funds are third party beneficiaries.

56. Pursuant to the C.B.A. all delinquent fund contributions and dues shall include interest, attorneys' fees and all reasonable costs, fees and disbursements incurred in collection of delinquencies.

57. Accordingly, Defendant, RFA as a successor employer of Defendant, Huxley, is liable to the Plaintiffs for contribution reports, contributions and union dues in the minimum amount of $8,169.20 for unpaid contributions and $766.10 for union dues plus interest, damages, fees and costs.

**CAUSES FOR RELIEF**
**AS AND FOR A FIFTH CLAIM FOR RELIEF**

58.  Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "57" of this Complaint as if fully set forth at length herein.

59.  Section 515 of ERISA, (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of the Collective Bargaining Agreements and Trust Indentures.

60.  The Defendant, Huxley has failed to pay or timely pay the benefit fund contributions and/or submit the contribution report to Plaintiffs owed as a result of work performed by individual employees of the Employer.  Such failure to make timely payment constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

61.  The Defendant, RFA as an alter ego of Defendant, Huxley has failed to pay or timely pay the benefit fund contributions and/or submit the contribution report to Plaintiffs owed as a result of work performed by individual employees of the Employer.  Such failure to make timely payment constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

62. The Defendant, RFA as a successor company of Defendant, Huxley has failed to pay or timely pay the benefit fund contributions and/or submit the contribution report to Plaintiffs owed as a result of work performed by individual employees of the Employer.  Such failure to make timely payment constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

63. The Defendant, RFA as a single employer of Defendant, Huxley has failed to pay or timely pay the benefit fund contributions and/or submit the contribution report to Plaintiffs owed as a result of work performed by individual employees of the Employer. Such failure to make timely payment constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

64. Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. Section 1145) which requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements, the Court shall award payment to a Plaintiffs Fund of unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal amount due both computed at a rate set forth in the United Sates Internal Revenue Code (26 U.S.C. Section 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

65. The failure to pay has injured the Funds by delaying the investment of contributions and causing unnecessary administrative costs for the Funds and has injured the participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contribution amounts.

66. Accordingly, the Defendant, Huxley is liable to Plaintiffs under the C.B.A and any Trust Indenture concerning the payment of fringe benefit contributions and under Sections 502 and 515 of ERISA (29 U.S.C. Sections 1132 and 1145) due to the failure to pay contributions when they are due.

67. Accordingly, the Defendant, RFA as an alter ego of Defendant, Huxley is liable to Plaintiffs under the C.B.A and any Trust Indenture concerning the payment of

fringe benefit contributions and under Sections 502 and 515 of ERISA (29 U.S.C. Sections 1132 and 1145) due to the failure to pay contributions when they are due.

68.  Accordingly, the Defendant, RFA as a successor company of Defendant, Huxley is liable to Plaintiffs under the C.B.A and any Trust Indenture concerning the payment of fringe benefit contributions and under Sections 502 and 515 of ERISA (29 U.S.C. Sections 1132 and 1145) due to the failure to pay contributions when they are due.

69.  Accordingly, the Defendant, RFA as a single employer of Defendant, Huxley is liable to Plaintiffs under the C.B.A and any Trust Indenture concerning the payment of fringe benefit contributions and under Sections 502 and 515 of ERISA (29 U.S.C. Sections 1132 and 1145) due to the failure to pay contributions when they are due.

70. Accordingly, the Defendant, Huxley is liable to the Funds in the minimum amount of $8,169.20 for unpaid contributions and $766.10 for union dues plus interest, damages, fees and costs in this action pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

71.  Accordingly, the Defendant, RFA as an alter ego of Defendant, Huxley is liable to the Funds in the minimum amount of $8,169.20 in unpaid contributions and $766.10 for union dues plus liquidated damages, interest, reasonable attorneys' fees and costs in this action pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

72.  Accordingly, the Defendant, RFA as a single employer of Defendant, Huxley is liable to the Funds in the minimum amount of $8,169.20 in unpaid contributions and $766.10 for union dues plus liquidated damages, interest, reasonable attorneys' fees and costs in this action pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

73. Accordingly, the Defendant, RFA as a successor company of Defendant, Huxley is liable to the Funds in the minimum amount of $8,169.20 in unpaid contributions and $766.10 for union dues plus liquidated damages, interest, reasonable attorneys' fees and costs in this action pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

**CAUSE FOR RELIEF**
**AS AND FOR A SIXTH CLAIM FOR RELIEF**

74. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "73" of this Complaint as if fully set forth at length herein.

75. In accordance with ERISA Section 209, 29 U.S.C. 1059 the Employer is responsible for maintaining the books and records sufficient to allow the Funds to conduct an audit and its failure to do so constitutes a violation of ERISA.

76. Section 515 of ERISA, (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of the Collective Bargaining Agreements and Trust Indentures.

77. An Employer who has failed to pay or timely pay the fringe benefit contributions and/or submit the contribution reports owed as a result of work performed by individual employees of the Employer constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

78. Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. Section 1145) which requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements, the Court shall award payment to a plaintiff Fund of the unpaid fringe benefit contributions, plus statutory damages and

interest on the unpaid principal amount due both computed at a rate set forth in the United States Internal Revenue Code (26 U.S.C. Section 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

79. The failure to permit an audit and remit benefit contributions has injured the Funds and Union by delaying the investment of contributions and causing unnecessary administrative costs for the Funds and Union and has injured the participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contribution amounts.

80. Accordingly, the Defendants are liable to Plaintiffs under the C.B.A and any Trust Indenture concerning the payment of fringe benefit contributions and under Sections 209, 502 and 515 of ERISA (29 U.S.C. Sections 1059, 1132 and 1145) due to the failure to permit a complete an audit including its payroll records and to pay the contributions that are due and owing.

81. Accordingly, the Defendant, RFA. as an alter ego of Huxley, must permit and cooperate in the conducting of an audit for the period July 1, 2005 to September j30, 2007 and is liable to the Funds and Union in an amount to be determined by the audit which shall include liquidated damages, interest and reasonable audit fees and attorneys' fees pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

82. Accordingly, the Defendant, RFA as a successor employer of Huxley, must permit and cooperate in the conducting of an audit for the period July 1, 2005 to September 30, 2007 and is liable to the Funds and Union in an amount to be determined by the audit which shall include liquidated damages, interest and reasonable audit fees and attorneys' fees pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

83. Accordingly, the Defendant, RFA as a single employer of Huxley, must permit and cooperate in the conducting of an audit for the period July 1, 2005 to September 30, 2007 and is liable to the Funds and Union in an amount to be determined by the audit which shall include liquidated damages, interest and reasonable audit fees and attorneys' fees pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

**CAUSE FOR RELIEF**
**AS AND FOR A SEVENTH CLAIM FOR RELIEF**

84. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1 through 83" of this Complaint as if set forth at length herein.

85. Pursuant to ERISA, the Collective Bargaining Agreement and/or Trust Indenture, the Defendant, Huxley is required to timely submit current fringe benefit contributions and reports to Plaintiffs.

86. Pursuant to ERISA, the Collective Bargaining Agreement and/or Trust Indenture, the Defendant, Huxley is required to timely submit current fringe benefit contributions and reports to Plaintiffs.

87. Upon information and belief, the Defendant, Huxley have in the past failed to timely submit current benefit fund contributions and reports to plaintiffs and is in breach of the statutory obligations under ERISA, the Collective Bargaining Agreement and Trust Indenture.

88. During the course of the instant action, additional contributions and/or delinquency charges may become due and owing. If Defendant, Huxley fails to pay the contributions and/or delinquency charges, as part of this action, at the time of trial or judgment, whichever is later, those additional amounts should be included.

89. Accordingly, Defendant, RFA as a successor employer of Defendant, Huxley shall be liable for any additional contributions that may become due and owing during the course of this action.

90. Accordingly, Defendant, RFA as an alter ego of Defendant, Huxley shall be liable for any additional contributions that may become due and owing during the course of this action.

91. Accordingly, Defendant, RFA as a single employer of Defendant, Huxley shall be liable for any additional contributions that may become due and owing during the course of this action.

## CAUSE FOR RELIEF
## AS AND FOR A EIGHTH CLAIM FOR RELIEF

92. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "91" of this Complaint as if set forth at length herein.

93. The financial integrity of the plaintiffs and the allocation of proper eligibility and credit to the members is determined and are based upon prompt and accurate remittance of reports, benefit fund contributions from the Defendants.

94. Plaintiffs' Funds have no adequate remedy at law to ensure that the Defendants will adhere to their continuing statutory and contractual obligations.

95. The failure of the Defendants to promptly remit reports and payment will cause Plaintiffs immediate and irreparable injury unless the Defendants and its officers, agents and servants are enjoined from failing, refusing or neglecting to submit the required current monetary contributions and reports to Plaintiffs.

96. By reason of the foregoing, Plaintiffs are entitled to a permanent injunction enjoining the Defendants from any further or future violations of this or subsequent

collective bargaining agreements with Plaintiff Union, as such agreements apply to the obligation of Defendants to plaintiffs herein .

**WHEREFORE**, Plaintiffs respectfully pray for Judgment against HUXLEY CONSTRUCTION CORP. and R.F.A. CONSTRUCTION GROUP CORP. as follows:

On the First, through and including the Fifth Claims for Relief:

(a)     In the minimum sum of $8,169.20 for unpaid contributions and $766.10 for union due to the Funds for work performed for the period July 1, 2005 through to September 30, 2007 and continuing plus interest from the date of delinquency;

(b)     Attorneys' fees, statutory damages, court costs, audit fees and disbursements incurred as set forth in the Collective Bargaining Agreement and as mandated by Section 502(g)(D) of ERISA, 29 U.S.C. Section 1132(g)(2)(D);

On the Sixth Claim for Relief:

(c)     An Order requiring the Defendant, RFA to permit and cooperate in a complete audit of the Defendant's books and records including its payroll records and cash disbursements journals by the Plaintiff or it's agents for the period July 1, 2005 to September 30, 2007.

On the Seventh Claim for Relief:

(d)     Damages in the amount of any additional contributions and/or delinquency charges which may become due and owing during the course of the instant action which amount shall include the principal plus interest and statutory damages.

 On the Eighth Claim for Relief:

(e)     A permanent injunction enjoining the Employer from violating the terms of this or successive Collective Bargaining Agreements and Declarations of Trust as they relate to the plaintiffs herein, including but not limited to the reporting and paying of all benefit fund contributions in a timely fashion.

On All Claims for Relief:

(f) For such other and further relief as to the Court deems appropriate.

Dated: Hempstead, New York
       June 4, 2008

                              Respectfully submitted,

                              Barnes, Iaccarino, Virginia, Ambinder
                              & Shepherd, PLLC

                              By:_____s/_____
                                  Danielle M. Carney (DMC7471)
                                  Attorneys for Plaintiffs
                                  3 Surrey Lane
                                  Hempstead, NY 11550