UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
OPERATIVE PLASTERERS AND CEMENT        :
MASONS INTERNATIONAL ASSOCIATION       :
LOCAL 262, et al.,                     :
                                       :
                          Plaintiffs,  :   08 Civ. 5659 (RMB) (AJP)
                                       :
         - against -                   :
                                       :   **ORDER**
HUXLEY CONSTRUCTION CORP. and          :
R.F.A. CONSTRUCTION GROUP CORP.,       :
                                       :
                          Defendants.  :
------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/28/09

**I.     Background**

On June 4, 2008, Operative Plasterers and Cement Masons' International Association Local 262 f/k/a 530 ("Union") and Trustees of the Operative Plasterers and Cement Masons' International Association Local 262 f/k/a 530 Annuity Fund, Welfare Fund, Apprenticeship Training Funds and Pension Fund f/k/a Local 60 Pension Fund (the "Funds") (collectively, "Plaintiffs") filed a complaint ("Complaint") against Huxley Construction Group Corporation ("Huxley") and R.F.A. Construction Group Corporation ("R.F.A.") (collectively, "Defendants") alleging, among other things, that R.F.A. and Huxley "failed and refused to remit to the Funds [employer contribution] reports, fringe benefit contributions and union dues" owed under a Collective Bargaining Agreement ("C.B.A.") "for the period July 1, 2005 through September 30, 2007" in violation of the Labor Management Relations Act of 1947, 29 U.S.C. §§ 141 et seq., and the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 et seq. (Compl. ¶¶ 16, 17, 28, 29; see also id. ¶¶ 60, 69–73, 79–81.)

On February 18, 2009, United States Magistrate Judge Andrew J. Peck, to whom the matter had been referred, entered a civil judgment on consent against Huxley for $9,322.51.

(See Civil Judgment on Consent, dated Feb. 18, 2009, at 1.) Also on February 18, 2009, Judge Peck issued an order granting R.F.A.'s counsel's motion to withdraw and instructing R.F.A. "to obtain new counsel, who must enter an appearance by March 20, 2009, or a default judgment will be entered against R.F.A. (A corporation cannot appear in court except by counsel.) In addition, R.F.A. is to respond to [P]laintiffs' inquest damages request, also by March 20, 2009." (Order, dated Feb. 18, 2009 (Peck, M.J.) ("Feb. 18, 2009 Order"), at 1 (emphasis omitted).)

On or about March 27, 2009, Judge Peck issued a thoughtful report and recommendation ("Report") recommending that this Court "enter a default judgment against defendant R.F.A. in favor of [P]laintiffs for $3,721.44 (including attorneys' fees)" because, among other things, "R.F.A. has not responded to [the February 18, 2009] Order." (Report at 1.)

Although, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), the parties had ten (10) days from being served with a copy of the Report to file written objections, (see Report at 2–3), to date, neither party has submitted objections.

## II.     Standard of Review

The Court may adopt those portions of a report and recommendation to which no objections have been made and which are not clearly erroneous or contrary to law. See Thomas v. Arn, 474 U.S. 140, 149 (1985). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989).

## III.    Analysis

A review of the Report shows that Judge Peck's recommendations are neither clearly erroneous nor contrary to law. See Fed. R. Civ. P. 72(b).

"R.F.A. has not responded to [the February 18, 2009] Order." (Report at 1); see Fed. R. Civ. P. 55(a); see also Wang v. CYR Int'l, No. 07 Civ. 5462, 2008 WL 5397575, at *2 (S.D.N.Y. Dec. 29, 2008) (Defendant "has not responded to the order to show cause, nor has successor counsel appeared on its behalf. Accordingly, . . . a default judgment [is] entered against [Defendant]."); Donahue v. Global Home Loans & Fin., Inc., No. 05 Civ. 8362, 2007 WL 831816, at *2 (S.D.N.Y. Mar. 15, 2007).

An award of $3,721.44 is appropriate because, among other reasons, "R.F.A. is associated with Huxley" and "the use of the Huxley audit amount is believed to be reasonable." (Report at 2 (citations and quotations omitted)); see Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989) (A court must ensure that there is a "sufficient basis from which to evaluate the fairness" of the award specified in a default judgment and "[a] court may rely on detailed affidavits or documentary evidence . . . to evaluate the proposed sum."); Au Bon Pain v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).

## IV. Conclusion

For the reasons stated herein and therein, the Court adopts the Report [Dkt. No.29] in its entirety. The Clerk of the Court is respectfully requested to enter judgment for Plaintiff in the amount of $3,721.44.

The Clerk is further directed to close this case.

Dated: New York, New York
April 28, 2009

RICHARD M. BERMAN, U.S.D.J.

3